## THE STATE V. SCIPIO BALDWIN.
## THE STATE V. JOSEPH M. EVANS.

1. A justice of the peace may be indicted for failing to report to the District Court, as required by Article 3772, Pasch. Dig., the number of causes which have been tried and determined by him, with the disposition made of the same.
2. Every neglect or failure to discharge a duty imposed by law on an officer of this State renders the officer guilty of a misdemeanor, and, if no other punishment is specially prescribed for the omission of official duty, the law affixes a punishment, not to exceed two hundred dollars.

APPEALS from Liberty.   Tried below before the Hon. Wm. Chambers.

*Wm. Alexander, Attorney-General*, for the State.

McADOO, J.—The indictments in these two cases are of the same character.   They charge the appellees respectively with a willful neglect of official duty as justices of the peace.

The specific charge is as follows:   "Being charged and required by the Code of Criminal Procedure to report to each term of the District Court of Liberty county the

number of criminal cases tried and determined before him, wherein he as such justice of the peace had jurisdiction to try, did willfully, corruptly, and unlawfully fail and neglect to report to the District Court of Liberty county, at the October term, A. D. 1872, of said court, the criminal causes tried before him subsequent to and following the June term, A. D. 1872, of the District Court of Liberty county; wherefore the grand jurors aforesaid, upon their oaths aforesaid, do say that the said Baldwin hath committed a misdemeanor in office," etc.

Article 3372, Paschal's Digest, provides that each justice of the peace shall report "to each term of the District Court the number of causes which have been tried and determined by him, with the disposition made of the same." The above quoted section imposes an official duty plainly.

Article 1975, Paschal's Digest, enacts: "If any officer of the law shall willfully or negligently fail to perform any duty imposed upon him by the Penal Code, or the Code of Criminal Procedure, he shall, when the act or omission is not otherwise defined, be deemed guilty of a misdemeanor, and punished as prescribed in Article 349 of this code."

Article 349 of the code (Art. 1976, Paschal's Digest) provides: "Whenever in the Penal Code or Code of Criminal Procedure it is declared that an officer is guilty of an offense, on account of any particular act or omission, and there is not in the Penal Code any punishment assigned for the same, such officer shall be deemed guilty of a misdemeanor, and shall be fined not exceeding two hundred dollars."

It seems, therefore, that every failure or neglect to discharge a duty imposed by his office renders the officer guilty of a misdemeanor, and if no other punishment is specially prescribed for the act or omission of which he

stands charged, the law affixes a punishment "not to exceed two hundred dollars."

The court below clearly erred in quashing the indictments. The judgments are reversed and the causes remanded.

REVERSED AND REMANDED.